PEOPLE v DIXON

Docket No. 108915. Submitted December 20, 1988, at Lansing. Decided March 6, 1989.

Errick Dixon was charged in Oakland Circuit Court with unlawfully driving away a motor vehicle (UDAA). Prior to the trial, defense counsel moved to prohibit the impeachment of an alibi witness with evidence of a prior attempted UDAA conviction on the basis of its similarity to the crime for which defendant was on trial. The court, Steven N. Andrews, J., denied the motion, finding that the attempted UDAA was a theft crime, involving an element of dishonesty, and was therefore probative of the witness' credibility. The court reasoned that the alibi witness' testimony was crucial to the case and that his credibility should be laid out before the jury for the jury to decide. Following trial, defendant was convicted of UDAA. He then pled guilty to being an habitual offender, second offense, and was sentenced to 3 to 7½ years imprisonment. Defendant appealed.

The Court of Appeals *held:*

Under revised MRE 609, applicable to this case, the trial court did not abuse its discretion by allowing the witness to be impeached with evidence of his prior attempted UDAA conviction. The revised rule provides that, where a party seeks to impeach a nondefendant witness with evidence of a prior theft conviction, the judge need only determine that the prior offense, in light of its nature and vintage, is significantly probative of veracity. If so, the impeachment evidence should be admitted. There is no requirement to balance the prejudice versus the probative value of the evidence.

Affirmed.

WITNESSES — CRIMINAL LAW — IMPEACHMENT — PRIOR THEFT CONVICTIONS — RULES OF EVIDENCE.

Under revised MRE 609, applicable to cases beginning on or after March 1, 1988, where a party seeks to impeach a nondefendant

REFERENCES

Am Jur 2d, Witnesses § 569 *et seq.*

Cross-examination of character witness for accused with reference to particular acts or crimes—modern state rules, generally. 13 ALR4th 796.

witness with evidence of a prior theft conviction, the judge need only determine that the prior offense, in light of its nature and vintage, is significantly probative of veracity; if so, the impeachment evidence should be admitted, and there is no requirement that the court balance the prejudice versus the probative value of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

V. L. WASHINGTON, J. On March 10, 1988, defendant was convicted by a jury of unlawfully driving away a motor vehicle (UDAA), MCL 750.413; MSA 28.645. Defendant later pled guilty to being an habitual offender, second offense, MCL 769.10; MSA 28.1082, and was sentenced to 3 to 7½ years imprisonment. Defendant appeals his UDAA conviction as of right. We affirm.

On August 1, 1986, Vanja Schiller saw an individual, from the vantage point of her second-floor office window, get out of a car, crawl across the pavement, and break the passenger window of a 1985 red Corvette. Schiller was able to see the individual's face and identify defendant as the individual. Schiller immediately informed the owner of the Corvette, William McCullen, that his car was being stolen. McCullen ran out of the office building to his car, reached the driver's side, and attempted to open the door. McCullen was

* Circuit judge, sitting on the Court of Appeals by assignment.

within two feet of the driver's side window when the person inside looked up at him. McCullen identified the individual as being the defendant. McCullen then saw defendant drive the Corvette away.

Later that afternoon, Schiller and McCullen went to the Southfield Police Department. They observed a group of individuals coming from the station. Both Schiller and McCullen recognized defendant in the group as the person who had taken the Corvette.

Prior to defendant's trial, defense counsel moved to prohibit the impeachment of alibi witness Alvin Rockette with evidence of a prior attempted UDAA conviction on the basis of its similarity to the crime for which defendant was on trial. The trial court denied defendant's motion. The trial court found that attempted UDAA was a theft crime, involving an element of dishonesty, and was therefore probative of the witness' credibility. The court reasoned that Rockette's testimony was crucial to the case and that his credibility should be laid out before the jury for the jury to decide.

On appeal, defendant argues that the trial court erred by allowing the use of evidence of the prior conviction to impeach defendant's alibi witness. At trial, Rockette testified that defendant was with him, picking up his check at work, at the time of the incident. On cross-examination, Rockette was impeached, over defense objection, with evidence of three prior felony convictions.

In *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), the Supreme Court substantially revised the rules governing impeachment by prior conviction. The Court set forth a bright-line test for cases beginning on or after March 1, 1988. *Id.,* p 609. The revised MRE 609, applicable to the present case, provides in part:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination, and

(1) the crime contained an element of dishonesty or false statement, or

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

(b) Determining probative value and prejudicial effect. For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor. [*Id.,* p 614.]

Thus, the trial judge's first task under amended MRE 609 is to determine whether the crime contains elements of dishonesty or false statement. *Id.,* p 605. If not, the judge is to determine whether the crime contains an element of theft. *Id.* Where the prior conviction contains an element of theft and it is punishable by more than one year imprisonment, it is then within the trial judge's discretion to determine the admissibility of the evidence by examining the degree of probative-

ness and prejudice inherent in the admission of the prior conviction. *Id.,* pp 605-606. However, as to prosecution and nondefendant witnesses, the Court held:

> The bright-line aspects of the amendment of MRE 609 will, with the exception of the execution of the balancing test, apply to witnesses called by the prosecution and nondefendant witnesses called by the defense in the same way they apply to defendants. [*Id.,* pp 606-607.]

The Court reasoned:

> [T]he application of the balancing test for theft crimes poses a problem as the factors relevant to prejudice do not arise where the witness is not the defendant. No one is prejudiced where the offense used to impeach a nondefendant witness is similar to the offense with which defendant is charged. Similarly, since, in general, the only individual who can refuse to testify is the defendant, the specter of impeachment cannot result in the loss of a nondefendant's testimony. The "effect on the decisional process" factor is, therefore, irrelevant. [*Id.,* p 607.]

Thus, under *Allen,* where a party seeks to impeach a nondefendant witness with a prior theft conviction:

> [T]he judge need only determine that the prior offense, in light of its nature and vintage, is significantly probative of veracity. If so, the impeachment evidence should be admitted. If not, it should be excluded. [*Id.,* p 608.]

In the present case, Alvin Rockette testified that he had been convicted of three prior felonies,

including the attempted UDAA, within the three years preceding trial. The prior attempted UDAA conviction was therefore of a recent vintage. The trial court properly determined attempted UDAA to be a theft crime. The trial court further characterized Rockette's prior offense as a crime of dishonesty and stated that the offense was significantly probative of veracity. Contrary to defendant's assertions, the trial court was not required to balance the prejudice versus the probative value of the evidence under the analysis set forth in *Allen.* Defendant's argument is therefore without merit.

We conclude that under revised MRE 609, and the analysis provided in *Allen,* the trial court did not abuse its discretion by allowing Rockette to be impeached by evidence of his prior attempted UDAA conviction.

Affirmed.